# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JEAN-FRANCOIS WAGENDORP,**

    **Plaintiff,**

v.                                    Case No: 6:24-cv-2289-PGB-RMN

**GABRIEL ARAISH,
FRANCESCO GALLUCCIO,
MARC OLIVIER KOZLOWSKI,
G5 ACQUISITIONS LP, KEMBO
INVESTMENTS FLORIDA
PARTNERS LLLP, TAG
CAPITAL LLC and MINOT
MAVERICKS, LLC,**

    **Defendants.**

_____/

## ORDER

This cause comes before the Court upon jurisdictional review.

## I.     BACKGROUND

Plaintiff Jean-Francois Wagendorp ("**Plaintiff**") initiated this action by filing the Complaint (Doc. 1 (the "**Complaint**")) on December 16, 2024. Therein, Plaintiff brings claims against Defendants Gabriel Araish ("**Araish**"); Francesco Galluccio ("**Galluccio**"); Marc Olivier Kozlowski ("**Kozlowski**"); G5 Acquisitions LP ("**G5 LP**"); Kembo Investments Florida Partners LLLP ("**Kembo**"); Tag Capital LLC; and Minot Mavericks, LLC (collectively, "**Defendants**"). Plaintiff asserts that the Court has subject matter jurisdiction over Plaintiff's claims

"pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants." (*Id.* ¶ 10).

In support of the complete diversity of the parties, Plaintiff avers that Plaintiff is a citizen of Canada. (*Id.* ¶ 2). As for Defendants, Plaintiff alleges that, "on information and belief," Araish and Kozlowski are citizens of Florida and Gallucio is a citizen of Canada. (*Id.* ¶¶ 3–5). Plaintiff further avers that Gallucio is the "sole member" of G5 LP; Kozlowski is the "sole member" of Kembo; and Araish is the "sole member" of Tag Capital LLC. (*Id.* ¶¶ 6–8). Finally, Plaintiff alleges that Defendant Minot Mavericks, LLC, has five members: (1) G5 LP; (2) Kembo; (3) Tag Capital LLC; (4) non-party AW Holdings Capital, Inc.; and (5) non-party Bar None Creations LLC. (*Id.* ¶ 9).

## II. LEGAL STANDARD

Federal courts exercise limited jurisdiction and must "zealously [e]nsure that jurisdiction exists" in every case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a district court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Thus, in a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse. *See* 28 U.S.C. § 1332; FED. R. CIV. P. 8(a)(1).

Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). An exception to the complete diversity requirement exists where there are foreign citizens on each side of the action and there are also citizens of diverse states on each side. § 1332(a)(3); *Iraola & CIA, S.A v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000).

For diversity purposes, a corporation is a citizen of any state or foreign state where it is incorporated as well as the place where it has its principal place of business. § 1332(c)(1). Further, a limited liability company is a citizen of each state in which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Finally, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* at 1021 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)).

## III. DISCUSSION

While the Complaint appears to establish the requisite amount in controversy required for diversity jurisdiction, it fails to allege the complete diversity of the parties. Plaintiff's allegations establish that Plaintiff and at least three of the Defendants—Gallucio, G5 LP, and Minot Mavericks, LLC—are citizens of the same foreign state, Canada.[1] (Doc. 1, ¶¶ 2, 4, 6). This destroys complete

---

[1] G5 LP is deemed a citizen of Canada by virtue of Plaintiff's allegation that Gallucio—a citizen of Canada—is its "sole member." (Doc. 1, ¶¶ 4, 6); *see Rolling Greens*, 374 F.3d at 1022. Here, the Court assumes that Plaintiff means to aver that Gallucio is G5 LP's sole *partner*. Further,

3

diversity. *See Iraola*, 232 F.3d at 860; § 1332(a). Further, the Complaint does not involve citizens of diverse states on each side of the action, and thus, the exception to complete diversity described in *Iraola* does not apply. *See* 232 F.3d at 860; § 1332(a). Accordingly, the Court lacks diversity jurisdiction over this matter.

The Court also notes that Plaintiff has failed to allege sufficient information regarding the members of Defendant Minot Mavericks, LLC, to determine each of its states of citizenship, whether foreign or domestic. Specifically, Plaintiff alleges that two non-party entities are members of Minot Mavericks, LLC: AW Holdings Capital, Inc., and Bar None Creations LLC (the "**non-party members**"). (Doc. 1, ¶ 9). However, Plaintiff fails to allege the information necessary to determine the citizenship of the non-party members. *See, e.g.*, *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). This constitutes an independent basis for dismissing the Complaint for failing to establish the Court's subject matter jurisdiction.

As a result of the foregoing, the Complaint (Doc. 1) is dismissed without prejudice. However, the Court will provide Plaintiff leave to file an amended complaint in the event that Plaintiff can establish the Court's subject matter jurisdiction.

---

because Plaintiff alleges that G5 LP is a member of Minot Mavericks, LLC, Minot Mavericks, LLC is also deemed a citizen of Canada. (Doc. 1, ¶ 9); *see Rolling Greens*, 374 F.3d at 1022.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **January 22, 2025**, Plaintiff may file an amended complaint in compliance with this Order and all applicable rules and law. Failure to do so will result in the closure of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on January 8, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties